IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMES A. BOYD,

                          Plaintiff,

             v.                                    CASE NO.09-3184-SAC

ROGER WERHOLTZ,

                          Defendant.


                          O R D E R

    This matter is before the court on a complaint filed under 42
U.S.C. § 1983 by a prisoner confined in a correctional facility in
the State of Washington while serving a Kansas sentence.  Plaintiff
proceeds pro se in this matter, and has paid the $350.00 district
court filing fee.

    Notwithstanding plaintiff's payment of the filing fee, because
plaintiff is a prisoner, the court is required to screen the
complaint and to dismiss it or any portion thereof that is
frivolous, fails to state a claim on which relief may be granted, or
seeks monetary relief from a defendant immune from such relief.  *See*
28 U.S.C. § 1915A(a) and (b); Plunk v. Givens, 234 F.3d 1128 (10th
Cir. 2000)(28 U.S.C. § 1915A screening applies to all prison
litigants, without regard to their fee status, who bring civil suits
against a governmental entity, officer, or employee).

    In this matter, plaintiff reports he has been complaining for
years that his Kansas sentence is miscalculated and complains he is
being denied access to the courts to challenge the execution of his
Kansas sentence.  Plaintiff states his attempts to pursue remedies

in the Kansas state courts to challenge his sentence have been dismissed based upon his failure to exhaust administrative remedies, and further states his informal request for assistance from the Secretary Werholtz of the Kansas Department of Corrections (KDOC) in pursuing administrative remedies in Kansas resulted in no response. Plaintiff contends no formal administrative KDOC forms have been made available to him despite his repeated requests, and states Kansas officials never advised him prior to his transfer to Washington pursuant to the Interstate Corrections Compact of the procedures to be used to challenge the calculation of his Kansas sentence.

Plaintiff subsequently amended his complaint, alleging specific error in the calculation of his sentence and seeking additional credit and good time credit to be applied to his Kansas sentence. Plaintiff also seeks damages and his transfer back to the custody of the Kansas Department of Corrections at the Lansing Correctional Facility in Lansing, Kansas.

Having reviewed the record, the court finds the complaint as amended is subject to being summarily dismissed for a number of reasons.

*Allegations Sound in Habeas Corpus*

First, plaintiff may not use a civil rights action under 42 U.S.C. § 1983 to seek relief on claims sounding in habeas corpus, such as plaintiff's request for specific credits on his sentence. "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006)(citation omitted). Thus to the extent plaintiff seeks relief on allegations of error by KDOC in its

2

1993 calculation of his 1992 sentence, such relief must be pursued in habeas corpus. Also, because it appears plaintiff raised the same or similar allegations in a previous habeas corpus action dismissed by this court as time barred, *see* <u>Boyd v. Simmons</u>, Case No. 03-3288-SAC)(dismissed as time barred, January 26, 2005), *certificate of appealability denied, appeal dismissed* (10th Cir. February 1, 2006), further resort to habeas corpus relief on a second or successive petition would be barred absent preauthorization by the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b).

*Claim for Damages is Barred*

Second, plaintiff's attempt to seek damages under 42 U.S.C. § 1983, based upon alleged error in the execution of his Kansas sentence, is barred absent a showing the alleged error in the calculation of his sentence has been overturned or otherwise invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477 486-87 (1994). Plaintiff makes no such showing.

*No Claim of Being Denied Access to the Courts*

Third, to the extent plaintiff proceeds under 42 U.S.C. § 1983 on a claim of being denied access to the courts, plaintiff's reliance on Kansas administrative remedies not being available or provided to him is misplaced.

The existence of a grievance procedure does not confer prison inmates with any substantive constitutional rights. <u>Hoover v. Watson</u>, 886 F.Supp. 410, 418-19 (D.Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995). While *state law* requires plaintiff to exhaust Kansas administrative remedies prior to seeking habeas corpus relief in the state courts, plaintiff has no right protected by *federal* law to use

the Kansas administrative grievance procedure while he is confined in another state.[1]

In the context of establishing a claim under § 1983 of being denied his right of access to the Kansas courts, plaintiff must show the defendant hindered plaintiff's pursuit of a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  This plaintiff cannot do.

Plaintiff clearly filed at least one habeas action in the Kansas courts, and contended in that action that his failure to exhaust formal administrative remedies should be excused.  _See_ Carper v. DeLand, 54 F.3d 613, 616-17 (10th Cir. 1995)(right of access to courts extends only to preparation and filing of habeas corpus petition or to initial civil rights complaint challenging conditions of confinement).  The Kansas courts were not persuaded.  _See_ Boyd v. Werholtz, 41 Kan.App.2d 15, 17-18 (2008)(finding no support in the record for Boyd's claim that exhaustion of Kansas remedies should be excused because he did not have access to KDOC grievance forms).

Accordingly, to the extent plaintiff seeks relief on allegations of being denied his right of access to the courts, any such claim is subject to being summarily dismissed as stating no claim for relief.

**NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF**

For these reasons, the court directs plaintiff to show cause

---

[1]_See also_, Halpin v. Simmons, 33 Fed.Appx. 961, 2002 WL 700936 (10th Cir. 2002)(unpublished opinion)(violations of Interstate Corrections Compact are not violations of federal law actionable under 42 U.S.C. § 1983, citing cases).

why the amended complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(b)(1).  The failure to file a timely response may result in the amended complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 7th day of October 2009 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge