IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES A. BOYD,

        Plaintiff,

   v.                           CASE NO.09-3184-SAC

ROGER WERHOLTZ,

        Defendant.

### O R D E R

Plaintiff is a prisoner serving a Kansas sentence in a correctional facility in the State of Washington. He proceeds pro se in this matter seeking relief under 42 U.S.C. § 1983 for the alleged violation of rights by Roger Werholtz, Secretary of the Kansas Department of Corrections (KDOC).

Plaintiff contends he is being denied access to the courts to challenge the alleged miscalculation of his Kansas sentence by KDOC. Plaintiff cites his latest attempt to pursue remedies in the Kansas state courts which was dismissed based upon his failure to exhaust administrative remedies, and points to Secretary Werholtz' failure to respond to plaintiff's informal request for assistance. Plaintiff maintains no formal administrative KDOC forms have been made available to him despite his repeated requests, and states Kansas officials never advised him prior to his 1992 transfer to the State of Washington pursuant to the Interstate Corrections Compact of the procedures to be used to challenge the calculation of his Kansas sentence.

Plaintiff amended his complaint to allege specific error in the

calculation of his sentence and seek additional credit and good time credit on his Kansas sentence. Plaintiff also seeks damages and his transfer back to the custody of the Kansas Department of Corrections at the Lansing Correctional Facility in Lansing, Kansas.

The court examined the amended complaint and directed plaintiff to show cause why it should not be summarily dismissed as stating no claim upon which relief could be granted under § 1983. 28 U.S.C. § 1915A. See *Plunk v. Givens*, 234 F.3d 1128 (10th Cir.2000)(28 U.S.C. § 1915A screening applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee). Having reviewed plaintiff's supplemented response, the court dismisses the complaint.

*Habeas Corpus*

The court found the amended complaint was subject to being summarily dismissed, in part, because plaintiff's allegations sounded in habeas corpus to the extent plaintiff alleged error in the calculation of his 1992 Kansas sentence and sought additional credit on that sentence. See *Hill v. McDonough*, 547 U.S. 573, 579 (2006)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.")(citation omitted).

In response, plaintiff insists he is not seeking sentencing relief, but rather damages and "other appropriate relief" for being denied access to the Kansas formal administrative process. The court accepts plaintiff's clarification that notwithstanding specific allegations in the amended complaint of sentencing error and plaintiff's request for additional sentencing credit, plaintiff is neither pursuing habeas corpus relief in this action, nor seeking

2

damages for alleged error in the execution of his sentence.[1]

*No Claim for Relief under 42 U.S.C. § 1983*

The court further found this action was subject to being summarily dismissed, in part, because the amended complaint failed to state an actionable claim that plaintiff was being denied his constitutional right of access to the courts.

- *Access to the Courts*

In response, plaintiff cites the dismissal of his latest state habeas corpus action, and contends this demonstrates he suffered actual prejudice from Werholtz' failure to provide grievance forms. The court disagrees.

In that state habeas corpus action, plaintiff sought relief on claims that KDOC had miscalculated and denied credit on his sentence. The Kansas district court dismissed the petition because plaintiff had not exhausted formal administrative remedies within KDOC, and the Kansas Court of Appeals affirmed that decision.[2] See *Boyd v. Werholtz*, 41 Kan.App.2d 15 (2008).

The constitutional right to petition the government for redress

---

[1] The court further notes that plaintiff previously sought federal habeas corpus relief on allegations of error in the execution of his Kansas sentence. See *Boyd v. Simmons*, Case No. 03-3288-SAC (dismissed as time barred by 28 U.S.C. § 2244(d)(1), January 26, 2005), certificate of appealability denied and appeal dismissed (10th Cir. February 1, 2006).

[2] Notably, the state appellate court observed that plaintiff's failure to exhaust remedies did not arise from any action or inaction attributable to Secretary Werholtz, and instead found no allegation or evidence in the record that plaintiff ever requested a formal grievance form from Secretary Werholtz, or that if such a request was made it was denied. *Boyd*, 41 Kan.App.2d at 17-18. It also found no authority for plaintiff's suggestion "that Werholtz was required to seek [plaintiff] out and determine if he desired to pursue the formal grievance process." *Id*.

of grievances includes a reasonable right of access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). This right extends to prisoners, *Bounds v. Smith*, 430 U.S. 817 (1977), but is limited to protecting a prisoner's ability to prepare and file a petition or complaint. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). See *Carper v. Deland*, 54 F.3d 613, 617 (10th Cir.1995)("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus."). A prisoner claiming a denial of access to the courts also must allege some actual injury in his ability to pursue a nonfrivolous legal claim. See *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996)(per curiam).

Here, plaintiff clearly was able to file his habeas petition and appeal therefrom in the Kansas courts. Accordingly, plaintiff was not barred from presenting his allegations for consideration, even though he was not successful in avoiding the state courts' decision not to excuse plaintiff's failure to first properly exhaust administrative remedies. Plaintiff's ability to prevail over this state procedural hurdle is beyond the recognized scope of his constitutional right of access to the courts. See *Lewis*, 518 U.S. at 354 (disclaiming statements in *Bounds* that suggested the right of access to the courts included being able to litigate effectively once in court).

*Procedural Due Process*

Likewise, plaintiff's allegations of being denied administrative grievance forms state no cognizable constitutional

4

claim of being denied procedural due process.[3]

A procedural due process claim under the Fourteenth Amendment requires a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Sandin v. O'Conner*, 515 U.S. 472, 484 (1995). No such protected interest is implicated in this case.

Plaintiff has no freestanding constitutional right to a state administrative grievance procedure. See e.g. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)(holding that the Constitution creates no entitlement to grievance procedures or access to such procedures voluntarily established by the state); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)(an inmate's rights are not per se compromised by the prison's refusal to entertain his grievances). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Walters v. Corrections Corp. of America*, 119 Fed.Appx. 190, 191 (10th Cir.2004)(citing *Flick*), *cert. denied*, 546 U.S. 865 (2005). Accordingly, because plaintiff has no such protected interest in the Kansas administrative grievance process, the interference he alleges by Secretary Werholtz is not an actionable constitutional claim.

---

[3]Plaintiff correctly notes he is not barred from proceeding under § 1983 in this action, given his clarification of the amended complaint as not including any habeas claim or claim for damages regarding alleged error in the execution of his sentence, because a judgment in his favor would not necessarily impact the duration of his sentence. See *Wilkinson v. Dotson*, 544 U.S. 74 (2005).

5

For these reasons, the court continues to find the amended complaint provides no factual or legal support for establishing a plausible claim under § 1983 that Secretary Werholtz impermissibly interfered with plaintiff's right of access to the courts.

IT IS THEREFORE ORDERED that the amended complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 20th day of October 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge